Ryan Lee
Law Offices of Ryan Lee, PLLC
7272 E. Indian School Rd.
Suite 540
Scottsdale, AZ 85251
Phone: (323) 524-9500
Fax: (323) 524-9502
ryan@ryanleepllc.com
*Attorney for Plaintiff,*
*Elisha Forga*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Elisha Forga,<br><br>Plaintiff,<br><br>v.<br><br>Ally Financial Inc.,<br><br>Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, Elisha Forga ("Plaintiff"), through her attorneys, Law Offices of Ryan Lee, PLLC, alleges the following against Defendant, Ally Financial Inc. ("Defendant"):

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Mesa, Maricopa, Arizona.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a resident of Mesa, Maricopa, Arizona.

6. Defendant has a principal place of business located in Detroit, Michigan.

**FACTUAL ALLEGATIONS**

7. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-4687, in an attempt to collect an alleged debt from Plaintiff.

8. Defendant calls Plaintiff from 833-669-2847, 888-673-8490, 888-925-2559 and 888-477-2559, which are four of Defendant's telephone numbers.

9. In or around June 2019, Plaintiff answered Defendant's collection call and spoke with one of Defendant's male representatives.

10. During the conversation, Plaintiff requested for Defendant to stop calling her.

11. During the conversation, Defendant's male representative advised Plaintiff that the calls were placed using an automatic dialing system and that the calls could not be stopped.

12. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to call Plaintiff's cellular telephone unabated.

13. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

14. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

15. On several occasions, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

16. Defendant never had permission to call Plaintiff's cellular telephone number.

17. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff

revoked this consent.

18. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

19. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

20. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

21. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

22. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone

simultaneously calls multiple consumers.

30. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

31. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

32. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

33. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, Elisha Forga, respectfully requests judgment be entered against Defendant, Ally Financial Inc., for the following:

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  January 30, 2020         By:/s/ Ryan Lee_____
                                    Ryan Lee
                                    Law Offices of Ryan Lee, PLLC
                                    Attorney for Plaintiff